# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| SARAH DULIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:17-CV-266-JEM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner for Operations, | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff on June 20, 2017, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 13], filed on October 27, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On December 7, 2017, the Commissioner filed a response, and Plaintiff replied on December 22, 2017.

**I.    Background**

On February 26, 2014, Plaintiff filed an application for benefits alleging that she became disabled on August 27, 1993. Plaintiff's application was denied initially and upon reconsideration. On April 7, 2016, Administrative Law Judge ("ALJ") Howard Kauffman held a hearing at which Plaintiff, with an attorney, Plaintiff's parents, and a vocational expert ("VE") testified. On April 28, 2016, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant has not engaged in substantial gainful activity since February 16, 2014, the application date.

2.    The claimant has the following severe impairments: mild intellectual disability.

3. The claimant does not have an impairment or combination of impairments that met or medically equalled any of the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity to perform the full range of work at all exertional levels but with the following nonexertional limitations: the claimant is capable of simple, routine, and repetitive tasks. She cannot work at production rate pace or meet strict quota requirements, but she can meet all end of day goals. The claimant can work in a low stress job defined as only occasional changes in the work setting.

5. The claimant has no past relevant work.

6. The claimant was 20 years old, defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since February 26, 2014, the date the application was filed.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the Agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "A reversal and remand may be required, however, if the ALJ committed an error of law or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (citations omitted).

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as

3

an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ failed to provide a sound explanation as to why Plaintiff's intellectual impairment did not meet the requirements of Listing 12.05(C). The Commissioner argues

4

that the ALJ's opinion is supported by substantial evidence.

The determination of whether a claimant suffers from a listed impairment comes at steps two and three of the ALJ's analysis. Step two of the ALJ's analysis requires an examination of whether the claimant has an impairment or combination of impairments that are severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c); 416.920(c). The determination of whether a claimant suffers from a severe condition that meets a listed impairment comes at step three of the sequential analysis. At step three, the ALJ must determine whether the claimant's impairments meet an impairment listed in the appendix to the social security regulations. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). An individual suffering from an impairment that meets the description of a listing or its equivalent is conclusively presumed to be disabled. *See Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). In order "[f]or a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). An impairment that manifests only some of the criteria will not qualify, no matter its severity. *Id*.

Listing 12.05(C) describes intellectual disabilities. A claimant met Listing 12.05(C), as was in effect at the time of the ALJ's decision, if he met each of these three criteria: (1) "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22"; (2) "a valid verbal, performance, or full scale IQ of 60 to 70;" and (3) "a physical or other mental impairment imposing an additional and significant work-related limitation of

function." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05; *see also Novy v. Astrue*, 497 F.3d 708, 709 (7th Cir. 2007). The ALJ found that Plaintiff did meet the listing because he found that she does not have a physical or other mental impairment imposing a n additional and significant work-related limitation of function, since her depression and anxiety "seems to limit . . . only the claimant's ability to eat."

Plaintiff argues that this finding is in opposition to the psychological evaluations of Plaintiff's conditions. A consultative psychological examiner diagnosed her with adjustment disorder with anxiety that moderately to severely impaired her ability to interact with other people, to handle changes in the workplace, and to learn and remember. Another psychologist diagnosed her with anxiety, social phobia, and a learning disorder, and another physician also diagnosed Plaintiff with anxiety disorder and social anxiety disorder, as well as intellectual disability, and noted that she is functionally illiterate and is limited in her ability to manage money, deal with the public, and stay safe in the workplace. Plaintiff's treating physician noted that Plaintiff had a history of social and difficulty engaging with others, and that her anxiety kept her from being able to work. She diagnosed Plaintiff with depression with anxiety, social anxiety, and generalized anxiety disorder. State agency consultants who reviewed Plaintiff's medical records opined that Plaintiff had moderate difficulties in maintaining social functioning and concentration, persistence, or pace, and that shee was moderately limited in her ability to understand, remember, or carry out detailed instructions or to sustain an ordinary routine without special supervision.

In his Listing Analysis, the ALJ merely found that Plaintiff's depression and anxiety is effectively treated with medication and only limits her ability to eat. Later in the decision, he addressed the psychological examinations, and gave no or little weight to their assessments of

Plaintiff's anxiety and social limitations. Not only did he not address the records from Plaintiff's treating physician, replete with discussion of Plaintiff's anxiety and related inability to work, but he completely disregarded the opinion of every medical expert who opined on Plaintiff's social functioning and the work-related effects of her anxiety disorder, including those of the state agency psychologists.

Although medical evidence "may be discounted if it is internally inconsistent or inconsistent with other evidence," *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ "must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner*, 627 F.3d at 618. In this case, the medical assessments in the record are all consistent, indicating anxiety and limitations in Plaintiff's ability to perform work-related activities, but the ALJ gave little or no weight to all of them as "inconsistent," without identifying any contrary medical opinions, leaving the Court completely unable to determine the basis of his conclusions. *See Garcia v. Colvin*, 741 F.3d 758, 761 (7th Cir. 2013) ("With two doctors – one of them an agency doctor unlikely therefore to exaggerate an applicant's disability, as the applicant is not his patient and favoritism with applicants would not go down well with the agency – opining that Garcia can't work full time and basing their opinions on extensive medical records and their own medical exams of the applicant, and no contrary evidence, we can't understand on what rational basis the administrative law judge could reject the application.") (citing *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)); *Wilder v. Chater*, 64 F.3d 335, 337 (7th Cir. 1995) ("We are led to consider with a degree of suspicion the administrative law judge's decision to go against the only medical evidence in the case, that of a psychiatrist not retained by the applicant but appointed by the administrative law judge himself to advise on

Wilder's condition.").

In general, the claimant bears the burden of proving that her condition meets all the criteria of a Listing. *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). However, an ALJ's Listing determination must "offer more than a perfunctory analysis of the listing." *Barnett*, 381 F.3d at 668 (citing *Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003); *Scott*, 297 F.3d at 595-96; *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)). If evidence exists in the record that might establish that a Listing's criteria have been met, an ALJ cannot simply ignore it without explanation. *Ribaudo*, 458 F.3d at 583. In this case, the ALJ failed to articulate his analysis to assure the Court that he properly considered the important evidence without making errors of law. *See Beardsley*, 758 F.3d at 837; *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) ("A decision denying benefits need not discuss every piece of evidence, but if it lacks an adequate discussion of the issues, it will be remanded."); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) ("[T]he ALJ may not ignore an entire line of evidence that is contrary to the ruling."). The ALJ completely disregarded or gave little weight to the many reports in the record from medical professionals describing Plaintiff's anxiety-related limitations on her ability to work, leaving the Court unable to determine the basis for his conclusion that Plaintiff does not suffer from work-related limitations sufficient to meet the requirements of Listing 12.05(C). On remand, the ALJ is directed to fully and accurately address the substantial evidence in the record to determine whether Plaintiff has demonstrated the criteria to meet Listing 12.05(C).

Plaintiff also argues that the ALJ made several other errors in his analysis. On remand, if the ALJ again concludes that Plaintiff does not meet the requirements of the Listing, the ALJ is directed to thoroughly explain how the medical evidence in the record supports the RFC and how all of

Plaintiff's limitations are incorporated into the RFC, and also is reminded that he must account for Plaintiff's moderate restrictions in concentration, persistence, and pace in the RFC and in any relevant hypothetical to the VE. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) ("As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record. This includes any deficiencies the claimant may have in concentration, persistence, or pace.") (collecting cases).

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 13] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 29th day of August, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record